THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT, v. JOSEPH P. MANNING ET AL., APPELLEES.

1. **Summons:** SERVICE ON CORPORATION. Under Sec. 912 of the civil code, a summons against a corporation may be served upon its chief officer, if he be found in the county; if not so found, then upon its cashier, treasurer, secretary, clerk, or managing agent; or if none of these can be found, by copy left at the office or usual place of business of such corporation, with the person having charge thereof. This, as well as section 914, applies to foreign corporations, except where there are special provisions to the contrary.

2. **Enjoining Judgment:** PLEADING. Where it is sought to enjoin a judgment upon the ground that the plaintiff has a defence to the action, and it would be inequitable and unjust to enforce the judgment, the facts constituting the alleged defence must be pleaded, and it is not sufficient to merely allege that plaintiff had such a defence.

3. **Railroad:** FAILURE TO DELIVER GOODS. Upon the facts proved, *Held*, That the loss was not occasioned by the act of God, and that the plaintiff was liable for the loss.

APPEAL from the district court of Douglas county. Tried below before WAKELEY, J.

*Howard B. Smith* and *Wright, Baldwin & Haldane*, for appellant, on service of summons, cited: *Barney v. R. R.*, 1 Handy, 571. *Porter v. C. & N. W. R. R. Co.*, 1 Neb., 14. Not necessary to show good defense. *Blakeslee v. Murphy*, 44 Conn., 188. *Earle v. McVeigh*, 91 U. S., 503. *McNeill v. Edie*, 24 Kan., 108. *Bell v. Williams*, 1 Head, 229. The flood was an "act of God," and a complete defense. *McClary v. S. C. & P. R. R.*, 3 Neb., 44. *R. R. Co. v. Reeves*, 10 Wall., 176. 3 Wood Railway Law, 1574. *Nashville & C. R. Co. v. David*, 6 Heisk., 261. *R. R. Co. v. Halloren*, 53 Tex., 46. *Morrison v. Davis*, 20 Penn. State, 171.

*C. H. Brown, J. J. O'Connor*, and *C. A. Baldwin*, for appellees, cited: Sec. 914, Code. Freeman Judgments (3d Ed.), Sec. 498. *Taggart v. Wood*, 20 Iowa, 236. *Gregory v. Ford*, 14 Cal., 138. *Gould v. Laughran*, 19 Neb., 392. *Crandall v. Bacon*, 20 Wis., 639.

MAXWELL, J.

This action was brought by the plaintiff against the defendants, to enjoin a certain judgment.

Plaintiff alleges in its petition, "That it is a corporation duly organized and doing business under the laws of the state of Illinois; that the defendant, Joseph P. Manning, is a constable, duly qualified, in and for the county of Douglas, and state of Nebraska, and that the defendants, Francis M. Barker and Henry M. Parrish, were, at the times hereinafter mentioned, partners, doing business as

Parrish & Barker; that on or about the 15th day of December, 1881, the said Henry M. Parrish and Francis M. Barker, partners as aforesaid, commenced an action before Luther A. Wright, Esq., a justice of the peace in and for said county and state, to recover the sum of $122.50 and interest, alleged to be due said defendants from said plaintiff for failure to deliver safely certain goods described in the bill of particulars filed therein; that on said day said justice issued a summons thereon, which said summons was returned not served; that thereupon, upon the 21st day of December, 1881, said justice issued an alias summons, and delivered the same to said constable, J. P. Manning; that said summons commanded the said plaintiff herein, The Chicago, Burlington & Quincy Railroad Company, the defendants therein, to appear before said justice of the peace, at his office in the city of Omaha, on the 31st day of January, A.D. 1881, at 9 o'clock in the forenoon; that on the 24th day of December, 1881, the said summons was returned by said constable, J. P. Manning, endorsed as follows, to-wit: 'December 21st, 1881, received this writ. December 23d, 1881, served by delivering a certified copy of this writ and endorsements thereon to W. J. Davenport, general managing agent of the Chicago, Burlington & Quincy Railroad, the defendant, in Douglas county, Nebraska, no other officer being found;' that thereupon, upon the 31st day of December, 1881, the said summons was by the said justice quashed, and a third summons issued, returnable January 9, 1882, at 9 o'clock A.M., which said summons was delivered to said constable, J. P. Manning, and was returned endorsed as follows, to-wit: 'December 31st, 1881, received this writ. January 3d, 1882, served by delivering a certified copy of this writ and endorsements thereon at the office or usual place of business of said corporation (with Harry Duel, the person having charge thereof), the defendant, no officer being found in Douglas county, Nebraska. J. P. Manning. Fees 85c.';

that said summons was further endorsed as follows, to-wit:
'Filed 31st day of Dec., 1881, Luther A. Wright, justice
of the peace'; that thereupon, upon said 9th day of Jan-
uary, 1882, the justice of the peace rendered judgment by
default against said·Chicago, Burlington & Quincy Rail-
road Company for $125.50 damages, and $2.70 costs of
suit; that afterwards, to-wit, on the 23d day of January,
1882, the said justice issued an execution upon said judg-
ment, and delivered the same to the defendant, J. P. Man-
ning, constable, wherein and whereby the said constable
was commanded to collect said judgment with costs endorsed,
and increase costs, out of the personal property of the said
plaintiff herein, and to pay the same to the defendants,
Parrish & Barker; that afterwards, to-wit, upon the 31st
day of Jan., 1882, the said Chicago, Burlington & Quincy
Railroad Company, by its attorney, appeared at the office
of the said justice, between the hours of 9 and 10 A.M., as
commanded in the alias summons aforesaid, and learned for
the first time that judgment had been rendered against it
as aforesaid.

"And plaintiff further says that it is a foreign corpora-
tion, and is not a corporation within and under the laws of
the state of Nebraska; that its railroad terminates at
Council Bluffs, Iowa; that the office mentioned in the
return of service endorsed by said constable on the sum-
mons issued Dec. 31, 1881, was not at that time, has not
been, and is not now, the office of said plaintiff for any
purpose except that said Harry Duel has at the same for
sale and sells tickets for transportation over the plaintiff's
lines, as well as the lines of other railroads; that W. J.
Davenport is the general agent of the plaintiff; that he
resides in the city of Council Bluffs, Iowa; that his office
is there; the records, books, correspondence, etc., pertaining
to his duties as such officer are kept there and there only;
that said Davenport comes to the city of Omaha, remains
a few hours, and returns to the said city of Council Bluffs;

that said W. J. Davenport was present openly in Omaha, Neb., fulfilling the duties of his office as usual, several times from the 31st day of Dec., 1881, up to and including the 5th day of Jan., 1882, and could have been served with the third summons in said action; that the only property said plaintiff has in Nebraska consists of cars upon the tracks of other railroads and tickets on sale at said Duel's office—which cars are in constant service for the transportation of freight, and which tickets are of no value except when stamped by the proper agent; that plaintiff had no further or other notice of the pendency of said action than as the aforesaid set out; that said plaintiff and its officers and agents had no actual knowledge of the said summons issued Dec. 31, 1881, and returnable January 9, 1882, or of the service or the return thereof; that it has a good and complete defense to the matter and things alleged in the bill of particulars filed in said action before said justice, and that said judgment is inequitable and unjust; that said constable threatens to and is about to levy upon the property of this plaintiff, and, unless he be restrained and enjoined by the honorable court, will levy upon the same and take the same into his possession, and advertise the same for sale, and sell the same, and great and irreparable injury will thereby be done this plaintiff, in that its property will be sacrificed, its business as a common carrier interrupted, and it will be involved in a multiplicity of suits.

"Wherefore plaintiff prays that said judgment may be declared void, and that an order of injunction may issue restraining and enjoining the said Joseph P. Manning, constable, from proceeding any further under said execution, and the said defendants, Henry M. Parrish and Francis M. Barker, partners, as Parrish and Barker, or either of them, from selling, assigning, or transferring said judgment, and from enforcing or attempting to enforce said judgment in any manner or degree whatever."

The defendants filed an answer, to which the plaintiff replied, but it is unnecessary to notice either the answer or the reply. On the trial of the cause the court found in favor of the defendants, and dismissed the action. The plaintiff appeals.

The testimony tends to show that, in the years 1881 and 1882, one W. J. Davenport, who resided in Council Bluffs, was the general managing agent of the plaintiff at the Bluffs, and also at Omaha; that one Harry Duel was the ticket agent at Omaha for the plaintiff, the Chicago & Northwestern, and the Chicago & Rock Island railways, selling tickets for each of said railways. He claims that he was employed by them jointly, but that is not material in this case, as he evidently was the agent of each of said lines. The pool was dissolved in 1884, and Duel continued in the service of the plaintiff. The testimony also shows that Davenport was in Omaha a few hours each day, and that he kept his office in Omaha in Duel's office; that the ordinary practice, where suits were brought against the plaintiff in Omaha, was to serve the notice on Duel. It also appears that many of these actions have been brought against the plaintiff, Duel stating that Manning alone had served about one hundred such notices upon him. No objections seem to have been made in any of those cases to the authority of Duel.

Sec. 912 of the code provides: "A summons against a corporation may be served upon the president, mayor, chairman of the board of directors or trustees, or other chief officer, or if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof."

These are general provisions applicable to all corporations, having an office or usual place of business in this

state, whether a foreign corporation or one organized under the laws of this state. It is true that Sec. 914 provides that, when a foreign corporation has a managing agent in this state, the service may be on such agent. This section was construed by this court in *Porter v. C. & N. W. R. R.*, 1 Nebraska, 15, and it was held that service in this state upon a managing agent of a foreign corporation was sufficient, although such agent was not a resident of this state.

These sections originally were 9 and 11 of an act "of the jurisdiction and procedure before justices of the peace," etc., approved Jan. 13, 1860, no change having been made in said sections since they were passed.

Section 912 applies to any corporation doing business in this state and having an office therein, except where there are special provisions to the contrary. It is the policy of our law to afford redress through our courts to any person aggrieved, whether a natural person or a corporation, and to apply the remedy, as far as possible, at the place where the injury was sustained. If a foreign corporation has an office for business in this state, for the transaction of business, seeking thereby to promote its own interest, such office will also be its place of business where a summons may be served upon it, and a party aggrieved will not be required to go into another jurisdiction to enforce his rights against it. It must take the burden with the benefit. The service, therefore, was sufficient to have required the plaintiff to appear and answer.

2d. The petition wholly fails to state a case for equitable relief. It is said that the plaintiff has a defense to the action, but no facts are stated showing in what the alleged defense consists. This is necessary in order that the facts may be put in issue, and a mere statement of a conclusion is not sufficient to authorize the granting of an injunction. Had a demurrer been filed to the petition, it should have been sustained. But even if the allegations

of the petition were as full as the proof, it would not justify the granting of an injunction. The testimony shows that Parrish and Barker shipped certain trees from Rochester, N. Y., to Omaha; when the trees reached Creston, Iowa, the plaintiff's railway from Pacific Junction to Council Bluffs was impassable, by reason of high water, and that, therefore, the trees were not shipped over that line. It is claimed that the high water being an act of God, exonerates the plaintiff. There is no proof, however, that such floods were not to be anticipated, or that the railway had been so constructed as to withstand the same; neither is there any proof that the company was unable to transmit the trees in question promptly over another line. The proof, therefore, does not show that the failure to deliver the trees promptly was caused by the act of God. The proof is undisputed that when the trees reached Council Bluffs they were dried up and dead, and that if alive they would have been of the value of $122.50. The equities of the case are with the defendants, and the judgment is clearly right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.