Osborn v. Gehr.

---

D. M. OSBORN ET AL. V. SAMUEL GEHR ET AL.

[FILED MAY 20, 1890.]

1. Judgment: EQUITABLE RELIEF.   A court of equity will not set aside a judgment at law, regular on its face, when it is not shown that the judgment was rendered where no cause of action existed.

2. ———: ———: LACHES.   On the 6th day of September, 1875, D. M. O. & Co. recovered a judgment against G. & B. in the county court of Stanton county.   On July 7, 1886, G. & B. commenced this action to cancel the judgment, on the ground that it was obtained through fraud.   *Held*, That G. & B. by laches had lost their right to equitable relief.

ERROR to the district court for Stanton county.   Tried below before POWERS, J.

*C. C. McNish*, and *H. C. Brome*, for plaintiffs in error.

*John A. Ehrhardt, contra.*

NORVAL, J.

On the 6th day of September, 1875, the county judge of Stanton county rendered a judgment in favor of the plaintiffs in error, and against the defendants in error for the sum of $120.60 debt and $6.70 costs, the record showing that the defendants had appeared and confessed judgment for the amount. A transcript of the judgment was filed in the office of the clerk of the district court of Stanton county August 30, 1878. This judgment having become dormant, D. M. Osborn & Co. on the 15th day of June, 1882, filed a motion, supported by affidavit, for a revivor. The defendants in error, Gehr and Bohman, appeared and filed an answer in the proceedings to revive, alleging therein the same facts stated in the petition in this case. To this answer to the motion to revive D. M. Osborn & Co. interposed a general demurrer, which on the 26th day of September, 1882, was sustained by the district court, and said judgment of the county court transcripted to the district court was revived. No proceedings were taken to reverse the order of revivor. On the 7th day of July, 1886, the defendants in error commenced this suit to cancel the judgment rendered by the county court, alleging in the petition that they never appeared before said county court at any time and waived the issuing of summons and entered their appearance in, or confessed judgment in said cause of D. M. Osborn & Co. against Samuel Gehr and William L. Bowman. The petition further alleges: "That they never knew that said judgment had been rendered in favor of D. M. Osborn & Co. against your plaintiffs until more than a year had elapsed from the date said judgment purports to have been rendered. Plaintiffs further aver that they had on said 6th day of September, 1875, and still have, a good defense to any cause of action said

D. M. Osborn & Co. may claim to have against these plaintiffs, and that by reason of there having been no summons issued in said cause, and these plaintiffs being entirely ignorant of the time set for said hearing, they were debarred from making any defense to said cause of action." There are other allegations of the petition to which it is unnecessary to refer.

D. M. Osborn & Co. answered, admitting the judgment, and denying all other averments of the petition. The answer also sets up as a bar to the action the revivor proceedings. The reply admits the allegations of the answer as to the revivor proceedings. The district court decreed the cancellation of the judgment.

The petition and the proofs in the case show that the defendants in error were guilty of great laches in asserting their right to have the judgment canceled. The testimony conclusively establishes that they were advised of the judgment in November, 1876, and nearly nine years before the bringing of this suit. The testimony does not even disclose that any objection was made to the validity of the judgment for more than five years after the defendants in error claim to have learned of its existence. They were advised by the filing of the transcript in the district court in 1878, and the proceedings to revive in 1882, that the plaintiffs in error asserted the validity of the judgment. No excuse is offered for the unreasonable delay in bringing this suit. Courts of equity refuse to enforce old and unasserted claims. Besides, the actions for relief upon the ground of fraud must be brought within four years after its discovery.

It does not appear from either the allegations of the petition or the proofs that the defendants in error have a defense to the cause of action if the judgment should be set aside. The petition states that they have a defense to the action. This is merely a conclusion. The facts constituting the defense should have been pleaded. It appears

from the testimony that the judgment was rendered upon a promissory note given by the defendants in error for machinery purchased of D. M. Osborn & Co. Before judgment there had been a payment made on the notes.

Samuel Gehr testifies in answer to questions as follows:

Q. You may state whether you had any defense against any claims D. M. Osborn & Co. may have had against you at the time, and state what it was.

A. I don't know how to answer that question.

Q. You may state whether you were indebted to D. M. Osborn & Co. at that time for anything.

A. Yes, sir, I was.

Q. You may state what it was.

A. It was for a machine that we purchased.

This is the entire testimony in the record relating to the defense to the cause of action upon which the judgment was rendered. This testimony, instead of establishing a defense, shows the entire lack of one. This is decisive of the case. (*C. B. & Q. R. Co. v. Manning*, 23 Neb., 552; *Taggart et al. v. Wood*, 20 Ia., 236.)

It follows that the decree of the district court must be reversed and the cause dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.