KLOPP, BARTLETT & CO. V. CRESTON CITY GUARANTEE
WATER-WORKS CO.

[FILED JUNE 11, 1892.]

Foreign Corporations: SERVICE OF PROCESS. Where a foreign
corporation contracts a debt in this state, as for labor and ma-
terials, service in this state upon the managing agent is suffi-
cient, although he be but temporarily within the state.

ERROR to the district court for Douglas county. Tried
below before CLARKSON, J.

*John W. Lytle*, for plaintiff in error, cited, contending
that the service was sufficient: *C., B. & Q. R. Co. v. Man-
ning*, 23 Neb., 552; *House v. Cooper*, 30 Barb. [N. Y.],
157; that there was a general appearance by defendant:
*Porter v. R. Co.*, 1 Neb., 14; *Crowell v. Galloway*, 3 Id.,
220; *Bucklin v. Strickler*, 32 Id., 602.

*Chas. Offutt*, contra: .

A foreign corporation having no business in Nebraska
cannot be sued in a Nebraska court by serving a summons
on its vice president, who is simply passing through the
state. (*Fitzgerald v. Con. Co.*, 137 U. S., 98; *C., B. & Q.
R. Co. v. Manning*, 23 Neb., 558; *Porter v. R. Co.*, 1 Id.,
15; *St. Clair v. Cox*, 106 U. S., 350; *Clews v. Iron Co.*, 44
Fed. Rep. [N. Y.], 31; *Phillips v. Library Co.*, 21 Atl.
Rep. [Pa.], 640; *Mulhearn v. Pub. Co.*, 20 Atl. Rep. [N.
J.], 760; *Blackstone Mfg. Co. v. Inhabitants*, 13 Gray
[Mass.], 488; *R. Co. v. Harris*, 12 Wall. [U. S.], 82.)
The defective service was not waived.

MAXWELL, CH. J.

The plaintiff brought an action against the defendant in
the county court of Douglas county upon the following
account:

"OMAHA, NEB., Dec. 5, 1890.

"CRESTON CITY GUARANTEE WATER-WORKS CO.,
    CRESTON, IA.,

                    "To KLOPP, BARTLETT & Co., Dr.

February 18, to ptg. 100 coupon bonds........... $81 00

February 18, to ptg. one book stock certificate...   21 00

February 18, to ptg. one engraved heading for
    certificate.........................................   16 00

February 18, to ptg. engraved bond...............   20 00

February 18, to engraving and making 5 au-
    tographs .............................. ..................    3 50

February 18, to one tint block 9x12 in...........    7 00

February 18, to one tint block 6x12 in...........,    3 00

February 18, to one tint block 2x2 in............    3 00

February 18, to one tint block 2x9 in............    1 75

February 18, to one tint block 4x9 in............    2 00

February 18, to one application blanks...........    5 00

February 18, to 300 cards...........................    3 50

March 12, to 100 cards .............................    1 50

                                                    $168 25

May 14, Cr. by cash.....................,...............   20 00

    Balance due...................................$148 25 "

A summons was duly issued which was served in Douglas county on David Soper, vice president of the defendant.    The action was brought December 9, 1890, the return day being the 15th of that month.    On that day Soper asked and obtained a continuance of the cause until the 14th of January, 1891.    On the latter date the plaintiff sought and obtained a continuance until the next day. On January 15, 1891, the defendant filed a motion as follows:

"Comes now the defendant, The Creston City Guarantee Water-works Company, and appearing specially herein for the sole and only purpose of objecting to the jurisdic-

tion of this court over the person of it, the said Creston
City Guarantee Water-works Company, moves that this
court refuse to proceed further herein as against said com-
pany for the reason as follows, to-wit:

"First—That said Creston City Guarantee Water-works
Company is a foreign corporation organized and existing
under the laws of the state of Iowa.

"Second—That it, the said defendant company, had no
office of any kind, nor any property, nor any managing
or other agent in the state of Nebraska at the time of the
institution of this action, and has not since had and has
no such office, no property, no managing or other agent in
the state of Nebraska at this time.

"Third—That the said David Soper, who appears upon
the return of the summons herein to have been served
with the said summons as the vice president of this de-
fendant company, was at said time, as he ever since has
been and now is, a resident and a citizen of the state of
Illinois and a non-resident of the state of Nebraska, and
was but temporarily in and passing through the county of
Douglas at the time of the service of a copy of said sum-
mons upon him."

This motion was supported by an affidavit in the follow-
ing words:

"State of Nebraska, }
  County of Douglas. } ss.

"The affiant, David Soper, having been first duly sworn,
deposes and says that he is now, and for more than a year
last past has been, a resident and citizen of the state of Illi-
nois, and during all of said time has been a non-resident of
the state of Nebraska; that the defendant, The Creston
City Guarantee Water-works Company, is a corporation
organized and existing under the laws of the state of Iowa,
and that said defendant corporation has not had any office
in the state of Nebraska at any time, nor has it had any
property in said state of Nebraska, and that said company

has not had, nor has it now, any managing agent in the state of Nebraska, and did not have any agent of any kind in the state of Nebraska at the time of the institution of this action, nor has it ever had any place of business in the state of Nebraska; and this affiant further says, that at the time of the service of the summons against said defendant company upon this affiant, as shown by the return on said summons, this affiant was but transiently and temporarily passing through the county of Douglas, and that no part of said defendant company's business is transacted in the state of Nebraska; and further defendant saith not.

"DAVID SOPER.

"Subscribed in my presence and sworn to before me, by David Soper, this 17th day of January, 1891.

"[SEAL.]     WILL H. THOMPSON,
        "*Notary Public.*"

Upon the showing thus made the county court overruled the special appearance of the defendant. Witnesses were called and judgment rendered in favor of the plaintiff for the amount claimed. The case was taken on error to the district court, where the judgment of the county court was reversed and, on motion of the defendant, dismissed, and these are the errors complained of.

Section 912 of the Code provides: "A summons against a corporation may be served upon the president, mayor, chairman of the board of directors or trustees, or other chief officer, or, if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of the corporation with the person having charge thereof.

"Sec. 914. When the defendant is a foreign corporation having a managing agent in this state the service may be upon such agent."

In *Porter v. C. & N. W. Ry. Co.*, 1 Neb., 14, the agent

resided at Council Bluffs, but appeared in Omaha a few hours each day for the transaction of business.   The railway company that he represented had no property in this state, but the agent transacted all the business of the company at Omaha, and it was held that he was a managing agent upon whom service might be made.   This decision was cited and approved in *C., B. & Q. R. Co. v. Manning*, 23 Neb., 558.   Now, suppose a foreign corporation comes into this state and purchases goods to be paid for here, must the seller go into another state or perhaps to a foreign country to recover for the same?   This is true if service cannot be had upon the corporation in the state, then the seller must bring his action where service can be had.   But a person who has authority to contract a debt for the corporation within this state, is so far the managing agent within the state, that service may be had upon him for that debt, that will bind the corporation.   The agent is commissioned to contract the debt, and the corporation thereby secures the benefit of his services.   It must also take the burden of being liable to an action therefor.   It will be observed that neither the motion nor the affidavit negative the fact that the debt was contracted here, or that Soper was the managing agent in this state.   It is probable that the motion to dismiss is too broad, and is a general appearance, but we need not decide that question.   The judgment of the district court is reversed, and that of the county court reinstated, and the cause is remanded to the district court for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.