COUNCIL BLUFFS CANNING COMPANY V. OMAHA TINWARE
MANUFACTURING COMPANY.

FILED NOVEMBER 5, 1896.    No. 6906.

1. **Foreign Corporations:** FORUM OF JURISDICTION. Where a foreign
corporation has business transactions in this state with citizens
and residents of the state, out of which arise accounts or claims
against the corporation, such accounts or claims may be enforced
in the courts of this state if jurisdiction can be obtained by legal
service of process.

2. ————: SERVICE OF SUMMONS. Service of summons upon the man-
aging agent of the corporation is sufficient to confer jurisdiction
under the provisions of section 59 of the Code of Civil Procedure.

3. **Review:** CONFLICTING EVIDENCE. Where the evidence is conflicting,
the conclusions of the trial court thereon will not be disturbed, if
there is evidence to sustain them.

ERROR from the district court of Washington county.
Tried below before DUFFIE, J.

The opinion contains a statement of the case.

*Wright & Baldwin,* for plaintiff in error:

A foreign corporation having no office, no business,
no agents, no officers, and no property in this state can-
not be sued here upon a transaction arising out of a
contract entered into without the state, and a judg-
ment *in personam* cannot be obtained against it in Ne-
braska by serving a summons on its secretary while
temporarily in this state on private business. (*M'Queen
v. Middleton Mfg. Co.,* 16 Johns. [N. Y.], 7; *Peckham v.
North Parish,* 16 Pick. [Mass.], 286; *Libbey v. Hodgdon,*
9 N. H., 394; *Moulin v. Trenton Ins. Co.,* 24 N. J. Law,
222; *St. Clair v. Cox,* 106 U. S., 350; *Middlebrooks v.
Springfield Fire Ins. Co.,* 14 Conn., 301; *Hall v. Williams,* 6
Pick. [Mass.], 240; *Rubel v. Beaver Falls Cutlery Co.,* 8 Am.
& Eng. Cor. Cas. [Ill.], 164; *Day v. India Rubber Co.,* 1
Blatchf. [U. S. C. C.], 628; *Baltimore & O. R. Co. v. Harris,*

12 Wall. [U. S.], 65; *Lafayette Ins. Co. v. French*, 18 How. [U. S.], 404; *Boston Electric Co. v. Electric Gas Lighting Co.*, 23 Fed. Rep., 838; *Hunter v. International R. Co.*, 26 Fed. Rep., 299; *Good Hope Co. v. Railway Barb Fencing Co.*, 22 Fed. Rep., 635; *Fitzgerald & Mallory Construction Co. v. Fitzgerald*, 137 U. S., 106; *Wilson v. Seligman*, 144 U. S., 41; *Shaw v. Quincy Mining Co.*, 145 U. S. 444; *United States v. American Bell Telephone Co.*, 29 Fed. Rep., 34; *Carpenter v. Westinghouse Air Brake Co.*, 32 Fed. Rep., 434; *Maxwell v. Atchison T. & S. F. R. Co.*, 34 Fed. Rep., 286; *Clews v. Woodstock Iron Co.*, 44 Fed. Rep., 31; *Hazeltine v. Mississippi Valley Fire Ins. Co.*, 55 Fed. Rep., 743; *Gottschalk Co. v. Distilling & Cattle Feeding Co.*, 50 Fed. Rep., 681.)

*Brome & Burnett, contra:*

If the corporation authorizes its officers to transact business for it in a state other than the one of its incorporation, it submits itself to the jurisdiction of such foreign sovereignty with reference to such business and is liable to suit therein when summoned according to the laws of that state. (*Klopp v. Crescent City Water-Works*, 34 Neb., 808; *Colorado Iron Works v. Sierra Grande Mining Co.*, 25 Pac. Rep. [Colo.], 325; *Baltimore & O. R. Co. v. Harris*, 12 Wall. [U. S.], 65; *Baltimore & O. R. Co. v. Gallahue*, 12 Gratt. [Va.], 655; *Bennington Iron Co. v. Rutherford*, 18 N. J. Law, 158; *Moulin v. Trenton Fire Ins. Co.*, 24 N. J. Law, 244; *National Condensed Milk Co. v. Brandenburgh*, 40 N. J. Law, 112; *Bank of Augusta v. Earle*, 13 Pet. [U. S.], 519; *Day v. Essex County Bank*, 15 Vt., 97; *Newly v. Van Oppen*, L. R., 7 Q. B. [Eng.], 293.)

HARRISON, J.

The defendant in error commenced an action against the plaintiff in error in the district court of Washington county to recover the amount alleged in its petition to be due on account of money advanced, services performed, and goods sold and delivered to plaintiff in error. It was stated in the petition that the defendant (plaintiff in

error) is a corporation organized and existing under the laws of the state of Iowa; "that the contract, agreement, and undertaking between plaintiff and defendant, under which said indebtedness from the defendant to this plaintiff was contracted, was made in the city of Omaha, Douglas county, Nebraska." A summons was issued and delivered to the sheriff of Washington county, which was returned as follows:

"Received this summons February 20, 1893, at 11 o'clock A. M. The president, mayor, chairman of the board of directors or trustees, or other chief officers not being found in the county, I, on the 20th day of February, 1893, served the within summons upon the within named defendant by leaving a true and certified copy of the same with D. W. Archer, personally, the secretary and managing agent of the within named defendant, in Washington county, Nebraska."

The plaintiff in error filed the following objections to the jurisdiction of the court:

"1. That there has been no service of summons in this action upon the defendant so as to require it to appear and answer plaintiff's petition.

"2. That the defendant is a corporation organized under and by virtue of the laws of the state of Iowa and having its principal place of business in the city of Council Bluffs, in the state of Iowa.

"3. That all of the officers and agents of said incorporated company reside in the city of Council Bluffs, Pottawattamie county, state of Iowa, and said company has no place of business or agent for the transaction of business in the state of Nebraska at the time of the service of the summons in this action.

"4. That said defendant neither is, nor was, at the time of the service of the summons in the above entitled action, a citizen or resident, permanent or temporary, of the state of Nebraska, or within the jurisdiction of said court; that the defendant neither had at the time of the service of the summons herein, nor has it now, any prop-

erty or estate subject to attachment and within the jurisdiction of said court; and that no property of the defendant was attached in this action.

"5. That the debt sued on herein was not contracted in the state of Nebraska, but was contracted in the state of Iowa, and that the said D. W. Archer, upon whom the alleged service was made, was not at the time of the alleged service of the summons upon him, nor is he now, the managing agent, general agent, or agent of any kind for the said Council Bluffs Canning Company, defendant, in or for the state of Nebraska."

Also filed some affidavits in support of the objections. the said Council Bluffs Canning Company, defendant, in error. The trial court, on hearing of the objections to its jurisdiction, overruled the same, and of the statements of the journal entry of such action is found the following: The court "finds that the defendant is a foreign corporation having a managing agent within the state of Nebraska; that service of summons was made in this action, upon said managing agent of said defendant corporation in the manner provided by law." The plaintiff in error did not further appear, and, in the course of the business of the court, judgment was entered against it and error proceedings have been prosecuted to this court.

The error proceedings herein raise for consideration two main questions: First—Was the corporation, plaintiff in error, doing business within this state in such manner as to be subject to the jurisdiction and the writs of the courts thereof? Second—Was service of summons made upon it in a manner provided by law? In answer to the first it may be said that the company, plaintiff in error, was an Iowa corporation; that the evidence adduced at the hearing on the objections to the jurisdiction of the court, although conflicting, was amply sufficient to sustain the finding that the contract, from which arose the claim involved herein, was a Nebraska contract, a business transaction of the foreign corporation, within this state, and further, that it was engaged in other and

further acts in this state, directly within its province as a corporation. By so doing it brought itself within the state and subject to the jurisdiction of the courts of Nebraska, and subject to their process, at least in actions growing out of such affairs. By the transactions of the corporation, including the one out of which arose the claim on which this action is based, the corporation was sufficiently engaged in business in this state to be amenable to the jurisdiction of its courts and subject to the process thereof when legally served, at least in an action for the recovery of the account, the result of such business. (*Colorado Iron Works v. Sierra Grande Mining Co.*, 25 Pac. Rep. [Colo.], 325, and cases cited; *Klopp v. Creston City Water-Works Co.*, 34 Neb., 808.)

We will now turn to the second question. In our Code of Civil Procedure, in the portion relative to the county in which actions are to be brought, in section 59, it is provided as follows: "An action other than one of those mentioned in the first three sections of this title, against a non-resident of this state or a foreign corporation, may be brought in any county in which there may be property of, or debts owing to, said defendant, or where said defendant may be found; but if said defendant be a foreign insurance company, the action may be brought in any county where the cause, or some part thereof, arose." The action at bar is not one of those referred to in the foregoing sections mentioned in "the first three sections of this title," hence could be instituted in any county where the defendant could be found. Section 60 under the same title is as follows: "Every other action must be brought in the county in which the defendant, or some one of the defendants resides, or may be summoned." The evidence presented at the hearing in the trial court, though there was a conflict as to this particular point, warrants the finding that the party served was the manager or "managing agent" of such business as was conducted by or for the corporation (plaintiff in error) in this state. This being true, service on him was the service prescribed by law as

set forth in our Code in the section last quoted. We then have the corporation, by doing business in this state, subject to the jurisdiction of its courts in the litigation arising therefrom, and such service of process on it as the law prescribed. It follows from the conclusions reached that the decision of the district court will be

AFFIRMED.