## ACTIONS AGAINST FOREIGN CORPORATIONS.

Common Pleas Court of Franklin County.

PETER MADISON v. THE PITTSBURG CONSTRUCTION CO.

Decided, October 13, 1911.

*Corporations—Suit May Be Maintained Against a Foreign Corporation —Notwithstanding the Cause of Action Arose in Another State— Section 178.*

A foreign corporation, which has qualified under Sections 178-180, General Code, for doing business in this state, may be sued in this state upon a cause of action accrued in another state.

*Herman J. Nord,* for plaintiff.
*Arnold, Morton & Irvine,* for defendant.

KINKEAD, J.

Heard on motion to dismiss.

The question presented for decision is one of jurisdiction.

Plaintiff brings an action for a personal injury suffered by him in the state of Montana while he was an employe of defendant in that state.

Plaintiff is a resident of this state, while the defendant is a foreign corporation organized under the laws of West Virginia,

and maintains its principal place of business in the state of Pennsylvania.

Defendant comes in for the sole purpose of protesting against the jurisdiction of the court, and moves to quash the service of summons made upon the person named in pursuance to law upon whom service can be made.

It is conceded that the defendant has complied with General Code, 179, and has named E. C. Irvine, upon whom service was made, as a person upon whom process against the corporation may be served within this state.

The question to be decided is whether an action may be prosecuted in this state against a foreign corporation which has qualified itself for doing business in this state under General Code, 178, 180, for a cause of action which accrued, not in this state but in a foreign state.

Ordinarily, remedial processes are confined in their operation either to causes which accrue within the state against its own citizens, or to causes against natural persons, residents of other states who may be lawfully summoned within the jurisdiction, unless it be otherwise provided.

Transitory actions, it is true, may be prosecuted by or against foreign natural persons in this state according to the domestic rules of procedure which govern such actions, unless by rule of comity force is given to some remedial rule of a foreign state, as the statute of limitation, or the validity of a contract. A corporation, however, being an artificial person, does not come within the general rules applicable to natural persons; special rules are necessary to govern actions against them touching their *situs*, and service of process upon them. Special rules for service of process are necessary for even domestic corporations. These rules can not be applicable to foreign corporations because the corporate entity can not migrate from one state to another as can natural persons. But as much interstate business is now carried on by corporations it has been found necessary to make special provision for service of process upon foreign corporations doing business within the state for the protection of the rights of the citizens of the state who may have dealings with

them; and the penalty imposed to accomplish this purpose is their inability to maintain actions in our courts if they do not comply with the law.    It may be urged that the primary purpose of such statutes has been the preservation of the rights of our citizens as against the foreign corporation; that there was no thought in the legislative mind in making this provision for the rights of foreign citizens, or even of our own, in causes that have accrued in foreign jurisdiction in favor of either the foreign citizen or of our own.    The statute under consideration does not in terms designate the class of cases in which service may be made upon foreign corporations.

General Code, 179, provides that before granting the certificate to a foreign corporation to do business in this state it shall, among other things, set forth the name of a person designated upon whom process against the corporation may be served within the state.

It is just as reasonable to infer that the service of the process here provided for may be made in causes which have arisen without as well as within the state.

Because of the importance of the question and the far reaching effect of a conclusion upon it, a careful and extended examination of the decisions has been made in order to obtain as much help as possible in solving the problem.

It is inconceivable that the General Assembly in enacting this statute could look into the future and contemplate the various modes or methods adopted by the foreign corporations in their migration from one state to another.

The first object sought by the legislation which gave a legal status to a corporation in a state other than its home, was to prevent the manifest injustice resulting from the doctrine of exemption of a corporation from suit in a state other than its creation.    The theory originally adopted that because a corporation was simply a legal entity, that it could not be legally recognized outside of its domicile, and could not be sued away from its home, resulted in hardships because its officers and agents would incur liabilities outside the state of its creation.    The great increase of corporations which do business in states other

than their domicile, made it imperative that the foreign corporation and the citizens of other states with whom it engaged in business be placed upon a footing of equality so far as concerned resort to courts for the redress of wrongs.

It will be agreed that the first step in the interpretation of the statutes providing for the designation of an agent upon whom service could be made, was that it authorized the citizens of the state to sue the foreign corporation for causes accruing within the state.

The Ohio statute, like those of many other states, does not contain any words of limitation to causes of action accruing within the state; nor, on the contrary, is there language in it which extends its operation to transitory causes of actions so as to authorize courts to take cognizance of causes arising in other states.

It may be contended with much reason that there have been such marked changes in economic conditions since the enactment of these statutes that conditions demand another step forward. The migratory character of corporations has been more frequent and striking, because of the liberal legislative inducements offered by different states to secure their corporation cloak or entity therein. A number of states spawn corporations and send them out to establish their principal place of business in another state; and from that place they migrate constantly from one state to another. Their real domicile may be in a state of creation, when there was no intention to do more than to secure their corporate entity therein.

Cobb, J., in *Reeves* v. *Railway*, 121 Ga., 561, 563, says:

"There are many years and manifold changes in economic conditions between the old rule, which denied the right to sue a foreign corporation *in personam* outside of the jurisdiction of its creation, and the modern doctrine, that the question of jurisdiction and suability is not so much one of citizenship as one of finding. The true test of jurisdiction is not residence or non-residence of the plaintiff, or the place where the cause of action originated. but whether the defendant can be found and served in the jurisdiction where the cause of action is asserted. A corporation can be found in any jurisdiction where it tran-

sacts business through agents located in that jurisdiction; and suits may be maintained against it in that jurisdiction, if the laws of the same provide a method of perfecting service on it by serving its agents."

The latter part of the above quotation puts it too strongly, perhaps. Rather should it be stated that by complying with our laws with reference to doing business in the state, and designating an agent upon whom service of process may be had, transfers the corporate entity from the state of its creation so as to subject it to our laws and remedial processes.

The only question remaining then is whether compliance with this law subjects the foreign corporation to the same rule as to causes of actions against them, as applies to domestic corporations and natural citizens.

There seems to be no injustice in such a rule. As stated by Mr. Justice Field. *St. Clair* v. *Cox,* 106 U. S., 350, 355, "all there is in the legal residence of a corporation in the state of its creation consists in the fact that by its laws the corporators are associated together and allowed to exercise as a body certain functions, with a right of succession in its members. Its officers and agents constitute all that is visible of its existence; and they may be authorized to act for it without as well as within the state."

The corporate body is as effectually brought within the remedial processes of the courts of this state as if domiciled here. and substantial reasons may be advanced for placing defendant corporation upon an equal footing with domestic corporations. natural persons, citizens or non-residents.

It appears that the defendant is a construction company. It may not have any property or assets in West Virginia, its domicile; and it may not have anything in Pennsylvania, where its principal place of business is. It is engaged in construction work in this state, and presumably has assets here. The nature of the business of such corporation is such that it moves about from place to place; from state to state. It migrates as much as an individual.

There is as much reason for opening the doors of our courts to suits against a foreign corporation migrating here and com-

plying with our laws, as there is for permitting foreign citizens, and indeed foreign corporations to sue our citizens, or to sue a foreign citizen temporarily found here and who can be properly served.

An interpretation of the statute involved along these lines, rather than to give it a limited construction as some courts have done, is more in harmony with justice and equality, and will meet the demands of modern conditions.

Decisions upon the question are in conflict.

Cobb, J., in *Reeves* v. *Railway, supra,* overruling *Bawknight* v. *Insurance Co.,* 55 Ga., 194, states:

"The weight of modern authority seems to support the proposition that a foreign corporation may be sued on a transitory cause of action in any jurisdiction where it can be found in the sense that service may be perfected upon an agent or officer transacting business for the corporation within that jurisdiction and that the residence of the plaintiff and the place at which the cause of action arose are not material questions to be determined to maintain jurisdiction if the corporation can be found and served."

An examination of the following decisions will show that they support this doctrine, in each of which cases the courts took cognizance of a transitory cause of action which accrued in a state other than where the action was brought.

*Capen* v. *Insurance Co.,* 25 N. J. L., 67; *Fremont, E. & M. V. Ry.* v. *Railway,* 66 Neb., 159; *Klopp* v. *Water Works Co.,* 34 Neb., 808; *Johnston* v. *Insurance Co.,* 132 Mass., 432; *Denver & R. G. Ry.* v. *Roller,* 100 Fed. Rep., 738; *N. O. I. & G. N. Ry.* v. *Wallace,* 50 Miss., 244; *Eingartner* v. *Illinois Steel Co.,* 94 Wis., 70 (sustaining an action in Wisconsin courts for personal injuries sustained in Chicago, the corporation being an Illinois one); *Ackerson* v. *Railway,* 31 N. J. L., 309; *Stewart* v. *Railway,* 168 U. S., 445 (action for death occurring in Maryland); *Barrow Steamship Co.* v. *Kane,* 170 U. S., 100 (action for transitory cause sustained without the aid of statutes as to process service being made on regular agents); *Pope* v. *Car & Mfg. Co.,* 87 N. Y., 137 (action sustained—like *Barrow Steamship Co.* v. *Kane,*

*supra,* though service was made upon the president though he was not in New York on business of the corporation—an extreme case); *Nelson* v. *Railway,* 88 Va., 971 (negligent killing in West Virginia); *Haggin* v. *DePanis,* L. R., 232, B. & D., 519; *Dennick* v. *Railway,* 103 U. S., 11; *State* v. *Land & T. Co.,* 106 La., 621, an instructive case.

Railroad corporations operating through trunk lines are in a class to themselves and there are special statutes of comity respecting such actions.

The following decisions support the contrary view, holding that such statutes are limited in their application to causes which have arisen in the state, and do not authorize actions to be brought against and service to be made upon a foreign corporation for a cause which has accrued in another state: *Central Ry. & Bank Co.* v. *Carr,* 76 Ala., 388; *Western U. Tel. Co.* v. *Pleasants,* 46 Ala., 641; *Grover* v. *Express Co.,* 11 Fed. Rep., 386; *Olson* v. *Mining Co.,* 130 Fed. Rep., 1017.

For the reasons stated the conclusion is that this court has jurisdiction of the cause, and the motion to dismiss for want of jurisdiction is overruled. Leave to defendant to plead within rule.