ELMER F. BUSBOOM ET AL., APPELLANTS, V. OTIS G. GREGORY ET AL., APPELLEES.

147 N. W. 2d 626

Filed January 6, 1967. No. 36356.

Viren, Emmert & Epstein, for appellants.

Thomas A. Woodward, Fraser, Stryker, Marshall & Veach, and Miller, Moldenhauer & Morrow, for appellees Busboom Bros., Inc., et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and BOYLES, District Judge.

SMITH, J.

This action against Busboom Bros., Inc., a domestic corporation, and Robbins Floor Products, Inc., an Ala-

bama corporation, was dismissed for lack of personal jurisdiction. The issues on appeal are: Was the person served with a summons against Busboom Bros. a statutory agent for service of process? Was there a statutory basis for jurisdiction over Robbins because of circumstances that Robbins had been associated with Nebraska?

Statutory Agent for Service of Summons Against Busboom Bros., the Domestic Corporation.

The return to summons shows service on Busboom Bros. by personal delivery in Douglas County, on April 9, 1964, to Frank Frost as resident agent. Busboom Bros. so designated Frost in its articles of incorporation, which were filed during 1960 in the offices of the Secretary of State and the county clerk of Douglas County. It revoked the authority of Frost in March 1964, relocating its office in Omaha, Douglas County, and appointing Thomas A. Woodward registered agent. Written notification, unacknowledged but signed by the president, was filed March 12, 1964, in the office of the Secretary of State. It was not recorded, however, in the office of the county clerk of Douglas County. The county records consequently failed to show that the authority of the agent named in the articles of incorporation had been revoked.

Plaintiffs contend that the statutes required Busboom Bros. to record the notification in the office of the county clerk and that the attempted revocation was therefore ineffective. Such a requirement had been a part of the general corporation law, but the law had been repealed in 1963 by the Nebraska Business Corporation Act. Laws 1941, c. 41, § 78, p. 210, former §§ 21-1,142 to 21-1,145, R. R. S. 1943, repealed by Laws 1963, c. 98, § 135, p. 416. The new act mentioned one place alone, the office of the Secretary of State, where the statement was to be filed. The Legislature added a second place, the office of the county clerk, in 1965. Laws 1963, c. 98, § 12, p. 332; Laws 1965, c, 90, § 2, p. 358; § 21-2012, R. S. Supp., 1965.

Plaintiffs say that the specific saving clause of the

1963 act retained the former procedure: "* * * no rights, privileges and immunities vested or accrued by and under prior statutes repealed by * * * (this act), * * * and no duties, restrictions, liabilities and penalties imposed or required by and under such statutes shall be impaired, diminished or affected thereby." § 21-20,130, R. S. Supp., 1965.

The saving clause should not be stretched to preserve a procedure calculated to conceal an action from a corporation. Busboom Bros. followed the plain language of the statute. Had plaintiffs examined the records of the Secretary of State, they would have discovered the notification. They had neither a privilege nor an expectancy in the former procedure.

Plaintiffs also contend that the notification was ineffective because it was not acknowledged. The statute required a registered agent to acknowledge his own statement, but acknowledgement by the president of a corporation was unnecessary. We conclude that Busboom Bros. was not served with summons.

Statutory Basis of Jurisdiction over
Robbins, the Foreign Corporation.

Robbins manufactured floor coverings, which it wholesaled over many years to Busboom Bros. and other independent distributors in Nebraska. Its representatives traveled from outside the state to Omaha where they solicited purchase orders from Busboom Bros. Robbins accepted all Nebraska orders in Alabama or Illinois, and it shipped the merchandise in interstate commerce.

The financial condition of Busboom Bros. became so weak in December 1962, that an Omaha bank refused further aid. Robbins, which was selling on open account, then negotiated in Omaha for an extension of additional credit. It was represented by Thomas Doherty, one of its vice-presidents for sales and an Illinois resident. Robbins extended the credit, but continued financial difficulties led to a transfer of the shares of

capital stock in Busboom Bros. to Florco, Inc., the parent of Robbins.

Plaintiffs, who were residents of Indiana, named four local residents additional defendants: Otis G. Gregory, Lois M. Gregory, Arnol E. Busboom, and Lillian F. Busboom. They sought recovery on alleged contracts to sell shares of capital stock in Busboom Bros. They had agreed in 1960 to sell to the Gregorys 60 per cent of the outstanding shares on condition of approval by Robbins. Robbins contracted in 1963 to purchase those shares and to indemnify the Gregorys for any liability to plaintiffs on the 1960 contract. It also contracted to sell the shares to Arnol E. Busboom, who owned all other shares. Arnol promised to pledge to Robbins all the shares as security for payment of money that Busboom Bros. owed Robbins. Plaintiffs assented in 1963 to a substitution of Arnol and Lillian Busboom as debtors in place of the Gregorys.

After the stock transfer to Florco, Doherty was elected a director of Busboom Bros. In that capacity he traveled to Omaha on April 7, 1964, at the request of Jay Portice, who was the president and a director of Busboom Bros. At the meeting they discussed disposition of inventories and a program for continued sales by Busboom Bros. or another corporation that Portice controlled.

While the two men were meeting in a sleeping room at the Diplomat Hotel, a deputy sheriff delivered the summons against Robbins to Doherty.

There is no significant evidence concerning other activity referable to Nebraska. Robbins neither owned nor possessed real estate. It had no office, stock of merchandise, bank account, or telephone listing. It engaged in no independent course of advertising. It has not appointed an agent for service of process, and it has not qualified to do business.

Because the common law severally restricted judicial jurisdiction over unwilling foreign corporations, bases of jurisdiction now are largely statutory. See, Western

Travelers Accident Assn. v. Taylor, 62 Neb. 783, 87 N. W. 950; Dale Electronics, Inc. v. Copymation, Inc., 178 Neb. 239, 132 N. W. 2d 788. Plaintiffs rely on the following provision of the Code of Civil Procedure: "A summons against a corporation may be served * * * upon its * * * managing agent * * *. When the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent." § 25-511, R. R. S. 1943.

If a foreign corporation is doing business in Nebraska, it may be served through its managing agent in the state. Brown v. Globe Laboratories, Inc., 165 Neb. 138, 84 N. W. 2d 151. Lacking a usable rule, we conclude without explanation that Robbins was not doing business in Nebraska. See Dale Electronics, Inc. v. Copymation, Inc., *supra.*

The amount of corporate activity in Nebraska has not been the exclusive test of the code provision. We sustained jurisdiction in one case, although the cause of action had arisen out of one or two acts that apparently had been the only corporate activity in Nebraska. Klopp, Bartlett & Co. v. Creston City Guarantee Water-works Co., 34 Neb. 808, 52 N. W. 819, 33 Am. S. R. 660. True, we recognized, sometimes grudgingly, the quantitative test in other cases. See, Chicago, B. & Q. R.R. Co. v. Manning, 23 Neb. 552, 37 N. W. 462; Council Bluffs Canning Co. v. Omaha Tinware Mfg. Co., 49 Neb. 537, 68 N. W. 929; Ord Hardware Co. v. J. I. Case Threshing Machine Co., 77 Neb. 847, 110 N. W. 551, 8 L. R. A. N. S. 770; Pitzer v. Stifel, Nicolaus & Co., Inc., 143 Neb. 394, 9 N. W. 2d 495.

The text of the statute and the state of precedent open the way to modifications. A basis of jurisdiction over a foreign corporation with a managing agent in Nebraska exists if: (1) The cause of action arose out of an act that the corporation caused to be done in Nebraska, or elsewhere with consequences in Nebraska, and (2) the act established such a relationship of the corpora-

tion to Nebraska that exercise of jurisdiction is reasonable. It is unnecessary for us to exhaust applications of the statute.

Robbins was associated with Nebraska because of various circumstances. The negotiations by Doherty probably had some connection with the contracts in suit. The contracts centered on transfers of stock in a domestic corporation, but the Uniform Stock Transfer Act was in force at all times. Laws 1941, c. 42, p. 217, repealed by section 10-102, U. C. C. Although the parties, other than the corporations, resided in Indiana and Nebraska, the evidence fails to show where the contracts were signed. The parties fixed no place for performance, and they expressed no choice of governing law. Florco did not dominate Busboom Bros. in such degree that it disregarded a separate and independent existence; corporate identity was preserved. At the time of service Doherty was not present on business of Robbins, although the interest of Robbins is not discounted. The facts present a close question of state law. We decide that the code provision was not a basis of jurisdiction over Robbins, because exercise of jurisdiction would not be reasonable under the circumstances.

The judgment dismissing the action against Busboom Bros. and Robbins is affirmed.

AFFIRMED.