In the Matter of TRI–VALLEY TRANS-PORTATION, INC., formerly Service Oil Co. a/k/a Service Oil Co., Inc., Debtor.

BUSINESS DEVELOPMENT CORPORATION OF NEBRASKA, A Corporation, and Citizens State Bank, A Corporation, Plaintiffs,

v.

John A. WOLF, Trustee, Defendant.

Bankruptcy No. BK81–143.

Adv. No. A81–447.

United States Bankruptcy Court, D. Nebraska.

March 25, 1982.

Paul M. Schudel, Lincoln, Neb., for plaintiffs.

John A. Wolf, Grand Island, Neb., trustee/defendant.

MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

In this declaratory judgment action, I find that the plaintiffs, Business Development Corporation and Citizens State Bank, have a perfected security interest in the assets and operating rights of the debtor pursuant to the mandatory provisions of Nebraska Revised Statutes Section 21–2012 (Reissue 1977).

On January 23, 1981, the filing date of this Chapter 7 petition, debtor was in the trucking business pursuant to operating rights granted by the Interstate Commerce Commission and the Nebraska Public Service Commission. Prior to the extension of credit to the debtor, plaintiffs had requested from the office of the Nebraska Secre-

tary of State corporate documents and records concerning the debtor, which records showed the last registered agent of the debtor to be Glea Romans and the location of the debtor's registered office to be 142 North 15th Street, Ord, Valley County, Nebraska. These records further disclosed that the debtor was not a corporation in good standing. Plaintiffs notified the debtor that the corporate existence of Tri-Valley Transportation, Inc., would have to be revived prior to any extension of credit by the plaintiffs. In accordance with this request, on December 9, 1979, debtor filed with the Secretary of State of Nebraska a Certificate of Revival or Renewal of its corporate existence. The following day, a copy of the Certificate was filed with the Clerk of Valley County. The debtor designated in the certificate that its corporate registered agent and the address of the registered office had been changed to John T. Marcell of 5402 South 27th Street, Omaha, Douglas County, Nebraska. No such certificate was filed with the Clerk of Douglas County, Nebraska. Neither plaintiff had actual knowledge or notice of the change in registered agent or address at the time the extension of credit was made or the financing statements recorded.

On December 21, 1979, plaintiffs entered into a term loan agreement and agreed to extend financing to Tri-Valley in the amount of $100,000 in consideration of which the debtor contemporaneously executed a promissory note for that amount in favor of plaintiffs and granted plaintiffs, in four financing statements, a security interest in the assets including the operating rights of the debtor. On December 28, 1979, two financing statements (one listing Tri-Valley Transportation, Inc., the other listing Service Oil Company, the former corporate name of Tri-Valley as the debtor) were filed with the County Clerk of Valley County. On January 3, 1980, duplicate financing statements were filed with the County Clerk of Hall County, the location of the debtor's principal place of business.

Plaintiff's proof of claim indicates an indebtedness of $94,584.80 plus accrued interest. On several occasions, plaintiffs made demand upon the defendant to abandon the assets in which the plaintiffs claimed a perfected security interest. Defendant has refused to abandon and proposes to sell the operating rights at private sale for the sum of $23,085.36.

The first issue to be resolved is the debtor's authority to enter into the term loan agreement and to grant the security interest. Under Nebraska Revised Statutes Section 21–20,135, a corporation may renew its corporate existence by filing with the Secretary of State a Certificate of Renewal and Revival. A certified copy of the certificate is recorded in the office of the county clerk in and for the county in which the original articles of incorporation are recorded. Upon filing with the Secretary of State, the corporation shall be revived and renewed. Neb.Rev.Stat. sec. 21–20,136. The stipulated facts establish that the corporate existence was effectively renewed on December 9, 1979. A copy of the certificate was filed with the clerk of Valley County. Accordingly, the debtor was a corporation in good standing when it executed the term loan agreement, promissory note, and financing statements. However, a problem arose because the debtor improperly attempted to change its registered agent in the Certificate of Renewal and Revival.

Revival of a corporation requires the initial registered agent to be set forth, and filing to be made, with the county clerk where the original articles are recorded. This had been done. The statutory procedure for changing a registered agent requires the filing of a statement which sets forth the name of the previously-designated registered office as well as the name of the successor registered agent and the street address of the registered office in duplicate with the Secretary of State. The duplicate statement is then recorded in both the former county of the registered office and the new county of the registered office. Neb. Rev.Stat. sec. 21–2012. In this case, the Certificate of Renewal or Revival containing the statement of change of registered agent was filed only in Valley County, the location of the former registered office.

No filing was made in the county of the new registered office. Neb.Rev.Stat. § 21–2012 (Reissue 1977), applicable here, provides in pertinent part,

> If the statement changes the location of the registered office to another county, the statement bearing the date of the filing in the office of the Secretary of State *shall be* filed in both counties. *Id.* (emphasis added).

If the statute is construed as directory, then filing in Douglas County was not essential to the changing of registered agent. If, however, the language is mandatory, then the attempt to change registered agent and registered office failed.

While no Nebraska case has construed Section 21–2012, the Nebraska Supreme Court in 1967 did acknowledge that a corporation need only follow the law in effect at the time of change of registered agent. *Busboom v. Gregory*, 181 Neb. 246, 147 N.W.2d 626, 627–628 (construing the applicable provision in effect in 1963). The Seventh Circuit has interpreted a similar statute to be mandatory in *Van Ausdall v. McCanon (In re National Mills, Inc.)*, 133 F.2d 604 (7th Cir. 1943). The Illinois statute involved in that litigation provided that when a corporation changes its registered office from one county to another, it must file a statement of change in duplicate with the Secretary of State. The corporation had the duty to file the duplicate original in the former county and a copy of the duplicate original in the new county of the registered agent and registered office. The change in registered agents did not become effective as to third parties until the certificate of change was filed in both counties. *In re Mills, supra*, at 607–09. The court based its opinion on the intent of the corporate statute as a whole, finding all the provisions which are for the protection of the public or third parties are mandatory. Accordingly, the provisions of recording in both counties in the sections of the Illinois Business Act (which are similar to the respective sections of the Nebraska Business Corporation Act) were found to be mandatory and thus essential to complete the change of the registered office.

██ Nebraska follows no universal test by which mandatory provisions are distinguished from directory provisions. The intent must, therefore, be determined from the statute as a whole. *Anderson v. Board of Educational Lands and Funds*, 198 Neb. 793, 256 N.W.2d 318 (1977). After considering all of its relevant provisions, I find the language of the statute to be mandatory. Because the debtor failed to comply with the express terms of the statute, the registered agent and registered office had not been properly changed. As of the filing date of the financing statements, the registered agent and the registered office remained Glea Romans of Valley County, the original agent and office of Tri-Valley.

██ The applicable statute for perfecting the security agreement when plaintiffs filed on December 28, 1979, Neb.Rev.Stat. section 9–401(1)(c) Supp.1978 (amended 1980) provided for filing in the county where the office of the last appointed resident agent is located. Since the attempted change of registered agent and registered office failed, the last appointed agent was Glea Romans of Valley County, Nebraska. Proper filing of the security agreement could only have been accomplished in Valley County. Plaintiffs here did so properly file.

Accordingly, the plaintiffs were the holders of a properly perfected security interest at the time of the filing of the voluntary petition in bankruptcy on January 23, 1981, and as such are entitled to possession of the operating rights and other assets which are the subject matter of their security agreements.