## Case No. 17,852.

### WILSON PACKING CO. et al. v. HUNTER et al.

[8 Biss. 429; 8 Cent. Law J. 333; 25 Int. Rev. Rec. 137; 7 Reporter, 455; 4 Ban. & A. 184; 11 Chi. Leg. News, 207.] [1]

Circuit Court, S. D. Illinois. March, 1879.

FOREIGN CORPORATION — SERVICE OF PROCESS — FEDERAL JURISDICTION.

1. A foreign corporation doing business in Illinois, is liable to be sued there in the federal court, though there be no express provision of statute in regard to service.

[Cited in Hayden v. Androscoggin Mills, 1 Fed. 95; Ehrman v. Teutonia Ins. Co., Id. 478; Uphoff v. Chicago, St. L. & N. O. R. Co., 5 Fed. 547; Eaton v. St. Louis Mining & Smelting Co., 7 Fed. 141; Grover v. American Exp. Co., 11 Fed. 388; Boston Electric Co. v. Electric Gaslighting Co., 23 Fed. 839; Maxwell v. Atchison, T. & S. F. R. Co., 34 Fed. 288.]

[Disapproved in Desper v. Continental Water-Meter Co., 137 Mass. 254.]

2. Such a corporation is to be "found" there, within the meaning of the United States statutes, which provide that no suit shall be brought against any person in any district other than that in which he is an inhabitant, or where he is found.

[1] [Reported by Josiah H. Bissell, Esq., and by Hubert A. Banning, Esq., and Henry Arden, Esq., and here compiled and reprinted by permission. 7 Reporter, 455, contains only a partial report.]

[This suit was brought for an infringement of a patent as to the process of preserving and canning meats. The defendants [Robert Hunter and others] object to the jurisdiction of the court, because they are a corporation of the state of Missouri, and, therefore, can not be sued in the Southern district of Illinois. The complainants assert that they may be sued here, because of the statute of Illinois which provides (Rev. St. p. 290, § 26): "Foreign corporations and the officers and agents thereof, doing business in this state, shall be subjected to all the liabilities, restrictions and duties, that are or may be imposed upon corporations of like character, organized under the general laws of this state, and shall have no other or greater powers." The St. Louis Beef Canning Company has a slaughter-house and stock-yards at East St. Louis, and the officers and agents of the company do business in that state for it and in its name. Thus, it is argued, the corporation is doing business in the state of Illinois, within the provisions of the statute. There is no averment by the defendants, showing that the corporation is not doing business in that state. The Illinois statute provides (Rev. St., p. 775, § 5) that corporations may be served by summons on the president, and it is not denied that the president of the St. Louis Beef Canning Company was found in this state, and was duly served with summons in this case as such president.] [2]

Goodwin, Offield & Towle, for complainants.
Holmes, Rich & Noble, for defendants.

DRUMMOND, Circuit Judge. This case is of importance, as it involves the question whether process can be served upon a foreign corporation doing business in this state, because it is found in the state.

The acts of 1789 [1 Stat. 73] and 1875 [18 Stat. 470] declare that no suit shall be brought against any person in any other district than that in which he is an inhabitant, or where he is found, so that where suit was brought against any person in a district other than that in which he resides, or in which he is an inhabitant, he must be found there, in order to enable the courts of the United States to have jurisdiction; so there has always been a rule in relation to suits brought against any persons in the federal courts. When the supreme court declared that a corporation was a person within the meaning of the law, which authorized suit to be brought by and against persons, then, of course, the question arose at once where this person was to be found or was found. The case of Bank of Augusta v. Earle, 13 Pet. [38 U. S.] 517, decided the question as to where a corporation could make a contract. The question did not arise there under the clause of the law as to where a corporation was found. The court held that although a corporation could not

[2] [From 8 Cent. Law J. 333.]

migrate from the place where it was created, still, unless there was some law of the state which prohibited a corporation from making a contract, that is to say, where it was outside of the state by which it was created, it was a valid contract and might be enforced. In the cases which have been cited, the Schollenberger Case, 96 U. S. 369, the Case of Williams (Williams v. Empire Transp. Co. [Case No. 17,720]), and some other cases, they were cases where there was an express provision of the statute declaring that process might be served upon a foreign corporation doing business in the state or district where suit was brought. That was true of the law of Pennsylvania, the law of New Jersey, and is also true of foreign insurance companies in this state. These are obliged to answer to process upon their agent precisely the same as in the state where created. But in this case it is admitted that no express provision of law authorizes this particular corporation, created under the law of the state of Missouri, to be served within the limits of this state. But I think we may infer that, from its right to do business in this state. That foreign corporations, and their agents doing business in this state, shall be subject to all liabilities, restrictions and duties which are or may be imposed upon corporations of like character of this state, and that they shall have no other or greater power, is expressly stated in the statute. Rev. St. Ill. c. 32, § 26. This statute implies that foreign corporations may do business within this state, but when they are admitted to do business in this state, they shall be subject to this provision of the law. Now, the question is, whether foreign corporations, coming into this state and doing business in this state, are subject to this liability, namely: to be sued within the courts of this state, and so in the courts of the United States, in the district where they are doing business. It seems to me that this question was substantially decided by the case of Harris, reported in 12 Wall. (Railroad Co. v. Harris, 12 Wall. [79 U. S.] 65). If we admit that under the law of this state this corporation can do business in this state, and has been doing business in this district within the meaning of the acts of congress, then it was found within this district so that process could be served upon it.

The allegation in the bill that the St. Louis Beef Canning Company—this corporation created under the laws of Missouri—owns and possesses a slaughter house and stock yard in the city of East St. Louis, Illinois, where beef to be canned by the company is slaughtered and dressed, preparatory for, and in the name of, such company, is not denied in the plea, and it must be considered as admitted. Now, in the Case of Harris, supra, the only ground upon which the court took jurisdiction of the case was under the acts of congress. The Baltimore & Ohio Railroad was authorized to construct a railroad within the District of Columbia; the service of process

was upon the president of the company; he was found within the district; the person—the corporation—was there through its president, and it was the only way that the court could by any possibility take jurisdiction. The person—the defendant—the corporation, must be found within the district in order that the court may take jurisdiction, and it was found there in consequence of the acts of congress, which authorized it to construct a branch road within the district, and because the president was there within the district. At the time the writ was thus served there was no act of congress authorizing suits against corporations doing business in the district, and of course no act which authorized service of process upon foreign corporations, though the court took jurisdiction of the case, as I have said, on the ground that the corporation was there found. It is said that if this position be maintained, that every officer of every foreign corporation who comes within the limits of the state of Illinois is liable to service of process, and that the corporation would be found here because the officer or president was here. That does not follow. On the contrary, I think that it is to be said only of foreign corporations that should be thus found here, in the absence of any express legislation authorizing service of process. It is necessary that the foreign corporation should do business in the state in order to be found here, and in order to warrant service on the president when within the limits of the state. The mere fact of its president or other officer passing through the state, and process being served upon him, would not bring the case within the meaning of the act of congress. A foreign corporation would not in that way be found within the limits of the state, and it seems to me that independent of the authority of the case of Harris, sound reasoning leads us to the same result. As soon as it was determined that a corporation was a person liable to sue and be sued, it must of necessity be brought within the jurisdiction of the federal courts. As the law is now understood and has been decided by the supreme court of the United States, a foreign corporation cannot do business outside of the territory where created, except by the consent of the state where it desires to do business. Of course, that being so, the state has a right to prescribe upon what condition it may do business. As to foreign insurance companies, Illinois has legislated upon that subject because the agents are so numerous; their names are legion. The statute, therefore, declares that before a corporation of that kind can do business here, it must consent to service of process upon its agent.

There is no such legislation as to this particular kind of corporation; but does it follow that the state must legislate upon the Beef Canning Association of Missouri, or that otherwise it cannot be served with process? I do not think that because it has legislated in relation to foreign insurance companies, it

must legislate upon all corporations as to service .of process. When they attempt to do business within the state, they come within the limits of the state; they are protected by our laws when they transact business within our territory, and are they then not to be subject to suits against them? Ought they to be permitted to come here, to make contracts, to do, maybe, all their business here by virtue of the law of another state, and then say they cannot be sued in our state because their corporation is within another—a sister state? I do not think that it is reasonable or right. They transact business under the protection of the laws, and they ought to be liable to the burdens. as well as' the benefits of the laws. One of the burdens, I think, is liability to be sued. I do not very well see how they cannot be, under the statute I have cited already, which provides that they shall be subject to all liabilities, restrictions and duties of home corporations. Undoubtedly, the state can legislate in relation to all foreign corporations, and can declare under what terms they shall do business within our state, as in relation to foreign insurance companies, and perhaps other kinds of corporations. It has not chosen to do so as to this particular class, but I do not think on that account a foreign corporation doing business within our state can escape the consequences which follow from that business, one of which is liability to be sued. Inasmuch as this plea does not meet the allegation of the bill in all respects, and especially in the view taken of this case, it must be held to be insufficient, and is overruled.

NOTE. A national bank cannot be sued in the federal court outside of the district where it is located, and service on the cashier, when found within another district, does not give jurisdiction. Main v. Second Nat. Bank [Case No. 8,976]. The acts of congress confer no jurisdiction over a defendant who is served with process, while temporarily in a district in which he does not reside. Smith v. Tuttle [Id. 13,120]. In a suit against a corporation. in the United States circuit court in one state, by a citizen of another state, service of process within the state upon a joint defendant, a citizen of a third state, gives the federal court jurisdiction over him. Mowrey v. Indiana & C. R. Co. [Id. 9,891]. Under the act of congress of March 3, 1875, a corporation cannot be served with process outside of the state where it was created, and the presence of an agent of a foreign corporation is not the presence of the corporation within the meaning of the act. Hume v. Pittsburgh. C. & St. L. R. Co. [Id. 6,-865.]