## HAYDEN v. THE ANDROSCOGGIN MILLS.

## HAYDEN v. THE BATES MANUFACTURING COMPANY.

*(Circuit Court, D. Massachusetts.* November 20, 1879.)

FOREIGN CORPORATION—JURISDICTION.—A foreign trading corporation may be sued in the circuit court for the district of Massachusetts, although the property of the defendant has not been attached, where such corporation is doing business within the state, and the summons has been duly served upon an officer of the company.

The plaintiff in the case first above named, by his writ, commanded the marshal to attach the goods or estate of the Androscoggin Mills, "a corporation duly established by the laws of the state of Maine, and doing business in Boston," to a certain value, and "to summon the defendant." The declaration was in trespass, for damages for the alleged infringement of a patent granted to the plaintiff. The return of the marshal was that he had attached a chip as the property of the defendant, and had delivered a summons to T. W. Walker, the president of the company.

The defendants appeared specially, and moved to dismiss. The second case was in all respects like the first.

*Henry D. Hyde* and *Elmer P. Howe,* for the defendants, distinguished *Ex parte Schollenberger,* 96 U. S. 369; *Williams* v. *Empire Transportation Co.* 14 Off. Gaz, 423; *Packing Co.* v. *Hunter,* 7 Reporter, 455, in that the service in those cases was precisely such as the state courts required to be made upon foreign corporations, while in Massachusetts an effectual attachment of property must be made in such cases. *Andrews* v. *Mich. C. R. Co.* 99 Mass. 534; *Peabody* v. *Hamilton,* 106 Mass. 217.

*R. Lund* and *D. F. Crane,* for plaintiff.

LOWELL, J. The important point of jurisdiction intended to be raised by the defendants cannot be decided in their favor, upon a motion to dismiss, because it is entirely consistent with this record that the defendants should have an agent here expressly authorized to accept service, or that some other fact should exist which would prove the defendants to

be subject to process here under the recent decisions. Such a motion is not well advised for another reason: that the supreme court might, in one event, refuse to revise my action. *Toland* v. *Sprague,* 12 Pet. 300.

As the point has been fully argued, I see no impropriety in my giving my opinion upon it, taking the facts to be as I understood the parties to state them. Those facts are, that the corporations are chartered in Maine, and have each a principal, if not the principal, place of business in Massachusetts, where most of the business, financial and other, except the actual manufacture, is done, and indeed from which the manufacture itself is directed and controlled. I suppose that most of the stockholders and officers live here. I do not mean to say that this fact alone would be very material.

The question is, whether such a corporation is suable here in a transitory action begun in the circuit court of the United States without an effectual attachment of property.

The acts of congress from the beginning have prohibited the maintenance of original civil suits against any one unless he shall be an inhabitant of or be found within the district where the suit is brought. The foundation of natural justice upon which this practice was supposed to rest has been much weakened by the decision that, in admiralty, a personal action may be maintained against an absent defendant by attachment of his goods. *Atkins* v. *Disintegrating Co.* 18 Wall. 272.

Formerly the circuit courts, following the high authority of Mr. Justice Nelson, were accustomed to hold that a corporation could not be "found" beyond the limits of the state or country by whose authority it was chartered. This rule worked badly, and especially in patent cases, for if a corporation by its agents maintained a flagrant breach of a patent right within any judicial district, there was no adequate redress in the place of infringement; and if the corporation happened to be chartered in Europe, or South America or Canada, there was no adequate redress anywhere within the United States, for no one will affirm that the power to enjoin the agent and to sue him personally for damages will meet the requirements of all or of most patent cases.

Fortunately the supreme court have taken a different view of the subject, and in three decisions have held, in the first, that a corporation may be found in any place where it has exercised its corporate powers by express consent of the legislature; and in the second and third, that a foreign company, which is required by a general law of the state to appoint an agent for service of process, as a condition to its transaction of business in the state, may be sued in either the state or federal courts. *Railroad Co.* v. *Harris,* 12 Wall. 65; *Lafafayette Ins. Co.* v. *French,* 18 How. 404; *Ex parte Schollenberger,* 96 U. S. 369.

Since these decisions were made two cases have arisen in the circuits in which the general laws of a state making foreign corporations suable have been applied to suits in the courts of the United States, held within that state, without the appointment of an agent for that particular purpose. *Williams* v. *Empire Transportation Co.* 14 Off. Gaz. 523; *Wilson Packing Co.* v. *Hunter,* 7 Reporter, 455.

The case before me differs from any which has been decided in this: By the statutes of Massachusetts, as construed by the supreme judicial court, actions against foreign corporations must be begun by effectual attachment of property. *Andrews* v. *Mich. Cent. R. Co.* 99 Mass. 534. Here there was no such attachment. The Massachusetts law gives their courts jurisdiction when there is an attachment, though the corporation is not found in the state, having no agent or place of business there. Under our statutes an action cannot be begun in that way in the federal courts unless the defendant is found here. Therefore if there had been an attachment in this case the question would still remain, whether the defendant had been found here. Now no Massachusetts case, that I have seen, holds that a foreign trading corporation, having its principal establishment here, is not found here, but must be brought in by publication, as in the case of a defendant actually absent. As attachment cannot give us jurisdiction, so the want of it cannot, in my opinion, take it away, if the defendant is here. The service is sufficient in form by the law of this state, and would bind a domestic corporation in

the state courts, and I think it would likewise suffice for a foreign corporation, except for the general rule requiring attachments against them, which cannot affect us.

I think a trading corporation may be said to be personally present for the purposes of an action wherever it has an established place of trade. This was so decided in England on principle, and as a new question, as late as the year 1872. *Newby* v. *Von Oppen,* L. R. 7 Q. B. 293. That was the case of the Colt Patent Arms Company, having a house in London for the sale of its manufactures. In the only other case that I have seen the ticket office of a railroad company was held not to be such a place of trade as to give jurisdiction, and the court say that the question is one of fact in each case. *Mackereth* v. *Glasgow R. Co.* L. R. 8 Ex. 149.

In the United States most of the cases turn upon the words of a statute, but the reasoning is often more general, and is, I think, in substantial accordance with the law of England, namely, that a trading corporation is of right suable in any country in which it conducts an important part of its business. Accordingly the tendency of opinion, if I may so call it, is to apply general words concerning corporations to include foreign corporations under those circumstances. See Angell & Ames Corp. §§ 402–406; Rorer Inter-State Law, 282.

Upon the whole I think I am authorized to decide that a foreign corporation may be sued in the circuit court here under the circumstances existing in this case as I understand them; though the fact of attachment, immaterial to our jurisdiction, does not exist.

If the question should be brought up in some new form, and the facts should prove to be different, my decision may be different.

Motion to dismiss denied.