## BROWN v. TEXAS & P. RY. CO.

District Court, W. D. Louisiana, Shreveport Division. February 17, 1927.

No. 1604.

1. **Courts** ⟨≕⟩344(7)—**Service on president of foreign railroad corporation within jurisdiction held sufficient in action under federal Employers' Liability Act (Act La. No. 179 of 1918, § 1, subd. 6 [b]; U. S. Comp. St. §§ 8657–8665).**

Service on defendant railroad, a foreign corporation, by serving president, who was within jurisdiction, presumably on business of defendant, *held* sufficient to bring defendant into federal District Court in action under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665); in view of Act La. No. 179 of 1918, § 1, subd. 6 (b), though it had designated agent in state for service of process, who was outside jurisdiction of such federal court.

2. **Venue** ⟨≕⟩8—**Personal injury action against railroad may be brought at residence of defendant's designated agent or place where injury occurred (Employers' Liability Act [Comp. St. §§ 8657–8665]).**

Action under federal Employers' Liability Act (Comp. St. §§ 8657–8665) against railroad for personal injuries, which arises from "quasi offense" or tort under law of Louisiana, may be brought either at residence of defendant's designated agent or at place where injury occurred.

3. **Courts** ⟨≕⟩344(7)—**Process of federal District Court cannot run outside district.**

Process of federal District Court for Western District of Louisiana cannot run into Eastern District of Louisiana, which embraces parish of Orleans.

4. **Corporations** ⟨≕⟩665(1)—**Foreign corporation, doing business within jurisdiction, can be brought into court through service on president, in absence of statute, though cause of action arose in another state.**

In absence of specific statute, foreign corporation, doing business in jurisdiction where personal injury action against it is brought, can be brought into court through service on its president, though cause of action arises in another state.

At Law. Action by Jerome Brown against the Texas & Pacific Railway Company. On motion to quash the citation. Motion denied.

Huey P. Long and Geo. T. McSween, Jr., both of Shreveport, La., for plaintiff.

Wise, Randolph, Rendall & Freyer, of Shreveport, La., for defendant.

DAWKINS, District Judge. Plaintiff brought this suit under the provisions of the federal Employers' Liability Law (Comp. St. §§ 8657–8665), also alleging violation of the National Safety Appliance Act (Comp. St. § 8605 et seq.), for personal injuries claimed to have been received while performing services within the Western district of Louisiana. He alleged that, although the defendant was a foreign corporation "organized under the laws of the United States," it was "doing business and maintaining an office in the state of Louisiana, having an office in the parish of Caddo, Louisiana, which has jurisdiction, supervision, and control over all transactions out of which the cause of action set up in this lawsuit arose."

The citation was addressed "To the Texas & Pacific Railway Company, a Corporation Organized under the Laws of the United States, Doing Business and Maintaining an Office in the State of Louisiana, in the Parish of Caddo, Louisiana, through Its Proper Officer, upon Whom Process may be Served." The marshal's return shows service was made "by delivering certified copy of this writ and certified copy of petition to within named, to J. L. Lancaster in person, at Youree Hotel, Shreveport, Caddo parish, Louisiana."

Defendant has appeared specially and moved to quash the citation on the ground that same "was invalid under the laws of the state of Louisiana," and further that the Act No. 179 of the General Assembly of the state of Louisiana, for the year 1918, providing for service of citation on a defendant through a representative at a place other than its local domicile in Louisiana, violates article 31 of the Constitution of Louisiana, in force at the time of its passage. By supplemental motion to quash defendant alleges, in the alternative, that if Act No. 179 of 1918 should be held constitutional, then it is shown that "L. J. Lampert, of New Orleans, is the duly authorized agent of the defendant in Louisiana for the service of process, and that valid service can be made only upon him, and that the attempted service upon J. L. Lancaster, its president, was and is illegal, null, and void, and not binding upon your defendant."

[1] Upon trial of the motion to quash it was admitted that J. L. Lancaster "was president of the Texas & Pacific Railway Company at the time this suit was filed and still is." There is no denial of the fact that this court has jurisdiction of the cause of action as it arises under a law of the United States, to wit, the federal Workmen's Compensation Act (35 Stat. 556), and the defendant is a corporation created by Congress; the sole contention being that the service upon the president, within this jurisdiction, when it

has designated an agent in the state of Louisiana for service of process, cannot bring the defendant into court. The memorandum of authorities submitted on behalf of defendant has nothing to say about the alleged unconstitutionality of Act No. 179 of the state of Louisiana for the year 1918, and I can find nothing therein suggestive of its invalidity under the Constitution of the state. The title declares that it is "An act to regulate the bringing of certain suits, and the service of civil process by sheriffs," etc. Section 1, subd. 6, provides:

"(6) Service of all legal process on any foreign corporation shall be made as follows:

"(a) On any agent, or agents, which the corporation may have designated, in accordance with existing laws, as agent, or agents, for the service of process. This service may be made wherever the agent, or agents, may be found.

"(b) If the agent, or agents, mentioned in paragraph (a) of this section, cannot be found, then service may be made upon any regularly employed agent or employee of the corporation, over eighteen years old, in any office which the corporation may have established and maintains in this state. * * *

"(d) Where the corporation has established an office in a parish other than that where its agent for service of process resides, the venue of the suit shall, at the option of the plaintiff, be in either parish where the cause of action arose, or in the parish of the residence of the corporation's agent for service of process, if the cause of action result from a trespass or an offense, or quasi offense, but if the cause of action result from any other cause, the venue of the action shall be in the parish where the agent for service of process has his residence, unless the act or transaction from which the cause of action arose was wholly transacted or completed in some other parish where said corporation had and maintained an office."

[2, 3] This cause of action is one arising from what is termed by the law of Louisiana a quasi offense—i. e., a tort—and according to the statute, at the option of the plaintiff, could have been brought either in the parish of Orleans, the residence of the designated agent, or at Shreveport, where the alleged injury occurred. The process of this court, for the Western district of Louisiana, cannot run into the Eastern district of Louisiana, which embraces the parish of Orleans (Petty & Co. v. Dock Con. Co. [D. C.] 283 F. 338) and consequently, no service could be made on the designated agent there. Therefore,

under the provisions of the statute above quoted (section 1, subd. 6 [b]), service may be made upon "any regularly employed agent or employee of the corporation. * * *"

[4] Presumably the president of a corporation is employed to and does exercise his functions on behalf of the corporation wherever it does business, and is its representative, whether he be in New Orleans or Shreveport. Even in the absence of a specific statute of the particular state or jurisdiction where the suit is brought, if the foreign corporation is doing business in that particular place, it can be brought into court through service upon its president, although the cause of action arises in another state. Railroad Co. v. Harris, 12 Wall. 65, 20 L. Ed. 354. In the course of discussion of the principle here involved, the Supreme Court of the United States, in the case of Barrow v. Kane, 170 U. S. at page 108, 18 S. Ct. 529, 42 L. Ed. 964, had this to say:

"The liability of a foreign corporation to be sued in a particular jurisdiction need not be distinctly expressed in the statutes of that jurisdiction, but may be implied from a grant of authority in those statutes to carry on its business there. Accordingly, in Railroad Co. v. Harris, 12 Wall. 65 [20 L. Ed. 354], the Baltimore & Ohio Railroad Company, a corporation chartered by the state of Maryland, and authorized by the statutes of the state of Virginia to extend its railroad into that state, and also by the Act of Congress of March 2, 1831, c. 85, 4 Stat. 476, to extend, construct, and use a lateral branch of its railroad into and within the District of Columbia, and to exercise the same powers, rights and privileges, and be subject to the same restrictions in regard thereto, as provided in its charter, was held, by reason of the act of Congress, and of service upon its president in the District of Columbia, to be liable to an action in the District by a passenger for an injury happening in the state of Virginia, although the railroad company was a corporation of the state of Maryland only, and neither the act of Congress authorizing it to construct and use a branch railroad in the District of Columbia, nor any other act of Congress, had made any provision for bringing suits against foreign corporations, the action having been brought before the passage of the act of February 22, 1867, c. 64, par. 11, 14 Stat. 404; Rev. Stat. D. C. par. 790. Mr. Justice Swayne, in delivering judgment, said: 'If the theory maintained by the counsel for the plaintiff in error be correct, however large or small the cause of action, and whether it were a

proper one for legal or equitable cognizance, there could be no legal redress short of the seat of the company in another state. In many instances the cost of the remedy would have largely exceeded the value of its fruits. In suits local in their character, both at law and in equity, there could be no relief. The result would be, to a large extent, immunity from all legal responsibility. It is not to be supposed that Congress intended that the important powers and privileges granted should be followed by such results. But turning our attention from this view of the subject, and looking at the statute alone, and reading it by its own light, we entertain no doubt that it made the company liable to suit, where this suit was brought, in all respects as if it had been an independent corporation of the same locality.' 12 Wall. 83, 84.

"In that case, it is to be observed, the cause of action arose neither in the state of Maryland, where the defendant was incorporated, nor in the District of Columbia, where the action was brought, but in the state of Virginia. The decision, in principle and in effect, recognizes that a corporation of one state, lawfully doing business in another state, and summoned in an action in the latter state by service upon its principal officer therein, is subject to the jurisdiction of the court in which the action is brought. In England, the right of a foreign corporation doing business in England to sue in the English courts was long ago recognized; and its liability to be subjected to suit in those courts, by service made upon one of its principal officers residing and representing it within the realm, has been fully established by recent decisions. Newby v. Von Oppen, L. R. 7 Q. B. 293; Haggin v. Comptoir d'Escompte de Paris, 23 Q. B. D. 519.

"In the courts of several states of the Union the like view has prevailed. Libbey v. Hodgdon, 9 N. H. 394; March v. Eastern Railroad Co., 40 N. H. 548, 579 [77 Am. Dec. 732]; Day v. Essex County Bank, 13 Vt. 97; Moulin v. Trenton Ins. Co., 1 Dutch. (25 N. J. Law) 57; Bushel v. Commonwealth Ins. Co., 15 Serg. & R. [Pa.] 173; North Missouri Railroad v. Akers, 4 Kan. 453, 469 [96 Am. Dec. 183]; Council Bluffs Co. v. Omaha Co., 49 Neb. 537 [68 N. W. 929]. The courts of New York and Massachusetts, indeed, have declined to take jurisdiction of suits against foreign corporations, except so far as it has been expressly conferred by statutes of the state. McQueen v. Middletown Mfg. Co., 16 Johns. [N. Y.] 5; Robinson v. Oceanic Steam Navigation Co., 112 N. Y. 315 [19 N. E. 625; 2 L. R. A. 636]; Desper v. Continen-

tal Water Meter Co., 137 Mass. 252. But the jurisdiction of the Circuit Courts of the United States is not created by, and does not depend upon, the statutes of the several states. In the Circuit Courts of the United States there have been conflicting opinions, but the most satisfactory ones are those of Judge Drummond and Judge Lowell in favor of the liability of foreign corporations to be sued. Wilson Packing Co. v. Hunter, 8 Biss. 429 [Fed. Cas. No. 17,852]; Hayden v. Androscoggin Mills [C. C.] 1 F. 93.

"In Lafayette Ins. Co. v. French [18 How. 404, 15 L. Ed. 451], above cited, this court, speaking by Mr. Justice Curtis, after saying that a corporation created by one state could transact business in another state only with the consent, express or implied, of the latter state, and that this consent might be accompanied by such conditions as the latter state might think fit to impose, define the limits of its power in this respect by adding: 'And these conditions must be deemed valid and effectual by other states, and by this court, provided they are not repugnant to the Constitution or laws of the United States, or inconsistent with those rules of public law which secure the jurisdiction and authority of each state from encroachment by all others, or that principle of natural justice which forbids condemnation without opportunity for defense.' 18 How. 407. The object of the provisions of the Constitution and statutes of the United States, in conferring upon the Circuit Courts of the United States jurisdiction of controversies between citizens of different states of the Union, or between citizens of one of the states and aliens, was to secure a tribunal presumed to be more impartial than a court of the state in which one of the litigants resides.

"The jurisdiction so conferred upon the national courts cannot be abridged or impaired by any statute of a state. Hyde v. Stone, 20 How. 170, 175 [15 L. Ed. 874]; Smyth v. Ames, 169 U. S. 466, 516 [18 S. Ct. 418, 42 L. Ed. 819]. It has therefore been decided that a statute, which requires all actions against a county to be brought in the county court, does not prevent the Circuit Court of the United States from taking jurisdiction of such an action; Chief Justice Chase saying that 'no statute limitation of suability can defeat a jurisdiction given by the Constitution.' Cowles v. Mercer County, 7 Wall. 118, 122 [19 L. Ed. 86]; Lincoln County v. Luning, 133 U. S. 529 [10 S. Ct. 363, 33 L. Ed. 766]; Chicot County v. Sherwood, 148 U. S. 529 [13 S. Ct. 695, 37 L. Ed.

546]. So statutes requiring foreign corporations, as a condition of being permitted to do business within the state, to stipulate not to remove into the courts of the United States suits brought against them in the courts of the state, have been adjudged to be unconstitutional and void. Home Ins. Co.. v. Morse, 20 Wall. 445 [22 L. Ed. 365]; Barron v. Burnside, 121 U. S. 186 [7 S. Ct. 931, 30 L. Ed. 915]; Southern Pacific Co. v. Denton, 146 U. S. 202 [13 S. Ct. 44, 36 L. Ed. 942].

"On the other hand, upon the fundamental principle that no one shall be condemned unheard, it is well settled that in a suit against a corporation of one state, brought in a court of the United States held within another state, in which the corporation neither does business, nor has authorized any person to represent it, service upon one of its officers or employés found within the state will not support the jurisdiction, notwithstanding that such service is recognized as sufficient by the statutes or the judicial decisions of the state. St. Clair v. Cox, 106 U. S. 350 [1 S. Ct. 354, 27 L. Ed. 222]; Fitzgerald Co. v. Fitzgerald, 137 U. S. 98, 106 [11 S. Ct. 36, 34 L. Ed. 608]; Goldey v. Morning News, 156 U. S. 518 [15 S. Ct. 559, 39 L. Ed. 517]. See, also, Mexican Central Railway Co. v. Pinkney, 149 U. S. 194 [13 S. Ct. 859, 37 L. Ed. 699].

"By the existing act of Congress defining the general jurisdiction of the Circuit Courts of the United States, those courts 'shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, when the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars [now three thousand dollars], in which there shall be a controversy between citizens of different states,' 'or a controversy between citizens of a state and foreign states, citizens or subjects;' and, as has been adjudged by this court, the subsequent provisions of the act, as to the district in which suits must be brought, have no application to a suit against an alien or a foreign corporation; but such a person or corporation may be sued by a citizen of a state of the Union in any district in which valid service can be made upon the defendant. Act of March 3, 1887, c. 373, par. 1, as corrected by the Act of August 13, 1888, c. 866, par. 1; 24 Stat. 552; 25 Stat. 434; Shaw v. Quincy Mining Co., 145 U. S. 444, 453 [12 S. Ct. 935, 36 L. Ed. 768]; In re Hohorst, 150 U. S. 653 [14 S. Ct. 221, 37 L. Ed. 1211]; Galveston, etc., Railway v. Gonzales,

151 U. S. 496, 503 [14 S. Ct. 401, 38 L. Ed. 248]; In re Keasbey & Mattison Co., 160 U. S. 221, 229, 230 [16 S. Ct. 273, 40 L. Ed. 402].

"The present action was brought by a citizen and resident of the state of New Jersey, in a Circuit Court of the United States held within the state of New York, against a foreign corporation doing business in the latter state. It was for a personal tort committed abroad, such as would have been actionable if committed in the state of New York or elsewhere in this country, and an action for which might be maintained in any Circuit Court of the United States which acquired jurisdiction of the defendant. Railroad Co. v. Harris, above cited; Dennick v. Railroad Co., 103 U. S. 11 [26 L. Ed. 439]; Huntington v. Attrill, 146 U. S. 657, 670, 675 [13 S. Ct. 224, 36 L. Ed. 1123]; Stewart v. Baltimore & Ohio Railroad, 168 U. S. 445 [18 S. Ct. 105, 42 L. Ed. 537]. The summons was duly served upon the regularly appointed agents of the corporation in New York. In re Hohorst, above cited. The action was within the general jurisdiction conferred by Congress upon the Circuit Courts of the United States. The fact that the Legislature of the state of New York has not seen fit to authorize like suits to be brought in its own courts by citizens and residents of other states cannot deprive such citizens of their right to invoke the jurisdiction of the national courts under the Constitution and laws of the United States."

See, also, Pennsylvania Lumbermen's Mutual Fire Insurance Co. v. Meyer, 197 U. S. 407, 25 S. Ct. 483, 49 L. Ed. 810.

I do not think the fact that defendant has appointed an agent in this state for the service of process can make any difference. Such statutes merely create additional remedies, and are not exclusive, especially where, as here, the character of service made was in my opinion authorized by the state law, and service upon the designated agent cannot be made because the process cannot be sent into the parish of his residence. Plaintiff should not, on that account, be driven to bringing his suit in another district, when admittedly both the state and federal law give this court jurisdiction, if sufficient service can be had.

See, also, St. L. S. W. R. Co. v. Alexander, 227 U. S. 218, 33 S. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77; Hayden v. Androscoggin Mills (C. C.) 1 F. 93; In re Hohorst, 150 U. S. 653, 14 S. Ct. 221, 37 L. Ed. 1211. Also see, as specifically applying, service having been made upon the president of

a defendant corporation while within the particular jurisdiction, Badger Oil Co. v. Clay, 83 Okl. 25, 200 P. 433.

There is no issue here of the president of the defendant company having been fraudulently induced to enter the jurisdiction of this court, or that he was compelled to appear by judicial process, such as summons or the defense or prosecution of other litigation. So far as the record shows, he was voluntarily in the city of Shreveport, and presumably upon business of the defendant corporation.

For the reasons assigned, the motion to quash will be denied.