## METROPOLITAN SAVINGS & LOAN CO v PARROCK et

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 18, 1935

H. C. Waller, Youngstown, for plaintiff in error.

Carlyle & Carlyle, Youngstown, for defendant in error.

## OPINION

By NICHOLS, J.

It is noted that the defendants admitted the execution of the contracts which are attached to the petition, marked "Exhibit A," and herein above set forth.

From the evidence submitted to us we find that by deed dated November 9, 1933, the sheriff of Mahoning County, Ohio, conveyed to The Metropolitan Savings & Loan Company City lot No. 29735, at the corner of Auburndale and Market Streets in the city of Youngstown, being the property described in the original contract between parties to this action, and that, under date of July 2, 1934, The Metropolitan Savings & Loan Company executed to James D. Parrock and Grace Parrock a warranty deed for the southerly 40.11 feet of said City Lot No. 29735, and that on the 2nd day of July, 1934, this warranty deed was tendered to the defendants, who would not accept the deed, it being stated that the defendants were referring the matter to their attorney.

The cause is submitted to this court upon the pleadings, the record of the evidence taken in the Common Pleas Court and certain stipulated facts, from which we find:

"Original contract for sale and purchase of real estate entered into by the parties, **March 2nd, 1932;**

Supplemental contract entered into between the parties, **June 5, 1933;**

Federal income tax lien for $3714.99 filed in Recorder's office of Mahoning, County against plaintiff, **May 10, 1933.**

Property in question acquired by plaintiff at sheriff's sale by deed executed,
**Oct. 17, 1933;**

Deed tendered by plaintiff to defendants and acceptance thereof refused by defendants because of federal income tax lien, which defendants claim rendered the title unmarketable, **June 2, 1934;**

Original petition of plaintiff against defendants in Common Pleas Court, praying for judgment in amount of $4,000.00 (no allegation of tender of deed), filed,
**June 15, 1934;**

Amended petition of plaintiff against defendants, praying for judgment in sum of $4,000.00, and alleging tender of deed by plaintiff to defendants, filed **August 14, 1934;**

Second amended petition of plaintiff against defendants, praying for specific performance of contract for purchase of real estate, filed
**August 28, 1934;**

Trial to court and judgment for defendants in Common Pleas Court, **May 13, 1935;**

Motion for new trial overruled
**May 17, 1935;**

Appeal bond filed **May 21, 1935;**

Federal income tax lien released,
**Aug. 6, 1935."**

The record discloses that three qualified attorneys, Mr. Herman N. George, Mr. John B. Morgan and Mr. Theodore A. Johnson, each testified in the Common Pleas Court that in his opinion the title to the real estate in question was not a good, merchantable title, by reason of the unreleased federal income tax lien, and Mr. Robert O. Bean, a qualified attorney, testified on behalf of plaintiff that the federal income tax lien was not a lien on the property in question. Mr. James D. Parrock, one of the defendants, testified that defendants refused to purchase the property on the advice of their attorney that the title was not clear.

It is conceded by the plaintiff that the federal income tax lien, filed May 10, 1935, had not been released at the time of the trial in the Common Pleas Court, the plaintiff contending that the filing thereof did not create a lien upon after acquired property of plaintiff, but only upon property owned by plaintiff at the time of filing the lien, it being conceded by all parties that plaintiff acquired the property subsequent to the filing of the lien.

But the defendants claim not only that the federal income tax lien attaches to after acquired property, but in any event the fact that such lien is filed creates a cloud upon the title, by reason of the uncertainty

of the legal proposition involved, and whereby the title to the property in question was not a good and merchantable title. In this appeal proceeding the plaintiff contends that even though the filing of the federal income tax lien did create a lien upon this property, or a cloud against the title (both of which propositions it denies), yet, nevertheless, the plaintiff is now entitled to judgment on appeal because it is conceded that this federal income tax lien has been released before the hearing in this court. Defendants contend that they ought not to be compelled to specifically perform their contract of purchase because of the lapse of time due to the laches of the plaintiff in procuring the release of the federal income tax lien.

An examination of the written contract and supplemental contract discloses that time is not made of the essence of the contract between the parties.

The questions presented are:

(1) Was the federal income tax lien upon the after-acquired property of plaintiff?

(2) If this lien was not in law a lien upon this after-acquired property, did the fact that the lien was filed of record nevertheless create such a cloud upon the title to this real estate as to make the title not good and merchantable?

(3) Time not being of the essence of the contract, and the federal income tax lien having been released before the hearing in this court, is the plaintiff entitled to judgment of specific performance?

First, was the federal income tax lien, which was filed against the plaintiff in the Recorder's office of Mahoning County, Ohio, a lien on the after-acquired property of plaintiff which is the subject of this action? As sustaining the claim of plaintiff, that it was not a lien upon this property, we are cited by plaintiff to the case of The United States v The Pacific Railroad and others, 1 Fed., 97, from which we quote the syllabus:

"Income Tax—Demand—Time it attaches —Property it attaches.—The lien of the income tax (Act July 13, 1866, 14 St. at Large, 107; Rev. St. §3186) relates back, upon demand, to the time when the tax was due, but only attaches to the property belonging to the person from whom the tax was due at the time when the demand for the payment of the tax was made."

The statute under consideration in the last cited case, and which we understand is the statute under which the lien for income tax was filed against the plaintiff, is as follows:

"And if any person, bank, association, company or corporation, liable to pay any tax shall neglect or refuse to pay the same after demand, the amount shall be a lien in favor of the United States from the time it was due until paid, with the interest, penalties and costs that may accrue in addition thereto, upon all property and rights to property belonging to such person, bank, association, company or corporation."

Mr. Justice McCrary, of the United States Circuit Court, Eastern District of Missouri, in his opinion, at page 98 of 1 Fed., quotes the language of Mr. Justice Miller in United States v Pacific Railroad, 4 Dillon, 71, as follows:

"In construing this section it is proper to consider the extraordinary nature of the lien. It is not only a lien upon the land, but is a lien upon the personal property; it is not only a lien upon property in possession, but upon all rights to property depending upon contracts, and upon unexecuted contracts; it not only creates a present lien, but it relates back."

The question in the case of The United States v The Pacific Railroad et, 1 Fed. 97, arose from an attempt to enforce a lien upon property formerly owned by the Pacific railroad for taxes accrued twelve to fifteen years previous to the demand, the property of the railroad company having, in the meantime, been purchased by innocent purchasers.

Holding that the same question did not arise in United States v Pacific Railroad, 4 Dillon, 71, the question there being as to the sufficiency of the demand, Justice McCrary states:

"I think I am within the spirit of that opinion when I say that the statute should not be construed as subjecting property which has been conveyed to innocent purchasers prior to any demand, unless this is its plain meaning."

Thus we see that the reasoning for the holding of the court in United States v Pacific Railroad, 1 Fed., 97, wherein, as shown by the above quoted syllabus, the court found that the lien for such income tax only attaches to the property belonging to the person from whom the tax was due at the time when the demand for payment

of the tax was made. This holding harmonizes with the general policy of the law relating to land titles, which is to protect innocent purchasers against loss from secret liens, not disclosed by any public record nor ascertainable by due diligence. Otherwise, one who purchases real estate is absolutely without protection against possible liens for taxes of this character, but the government may, nevertheless, protect itself by due diligence.

But this reasoning does not apply to a situation like that now before us. One who may purchase property after demand is made by the government for the payment of the tax, and that demand made patent by the filing of the lien in the office of the Recorder of the county, it follows that the purchaser may ascertain the lien and protect himself against the same, and it may well be considered that the record of the lien in the Recorder's office operates as a continuing demand by the government for payment, whereby the same would attach to such property of the person from whom the tax is due as has been acquired after the filing of the lien.

But we do not find it necessary to find whether or not this federal tax lien was or was not, in fact, a lien against the property in queston here, since our decision in this case rests upon other grounds. We think it quite natural, however, that the record of this tax lien created such doubt as to the marketability of the title that defendants very properly hesitated to purchase until this doubt be removed, especially in view of the testimony of eminent members of this bar to the effect that such filed lien rendered the title unmarketable; but in view of the decision of the United States Circuit Court for the Eastern District of Missouri, in the case of United States v Pacific Railroad et, 1 Fed. 95, the syllabus of which we have hereinabove quoted, we find and hold that the plaintiff was justified in maintaining that the federal tax lien was not a lien upon the property in question, and, therefore, the plaintiff was not guilty of laches which will defeat its recovery herein because it did not cause said lien to be released prior to August 8, 1935, the date upon which it was released, as stipulated by the parties. And time not being of the essence of the contract by its provisions, we find and hold that since the federal income tax lien in question has been released before the hearing in this court, there is now no good reason shown to exist why specific performance of defendant's contract to purchase this real estate shall not be decreed.

"Equity may enforce the specific performance of a contract for the sale of lands, although the vendor may have had no title at the time of the sale, or even at the time of the filing of the bill, if he can make a good title at the time of the decree."
37 Ohio Jurisprudence, §48.

"Where time is not of the essence of the contract, specific performance may be decreed against a purchaser if a good title can be made at the time of the decree."
Wilson v Tappan, 6 Ohio, 172.

"The question is not whether the defendant is to be excused for refusing the title when tendered, but whether it would be just to compel him to take it at the time of the hearing. If the court holds the title to be good in law at the time of hearing, there is no good reason in equity why the purchaser should not be compelled to take it, no matter how honestly and conscientiously he may have believed it defective at the time it was tendered and refused."
John Ludlow v James O'Neil, 29 Oh St, 181, p. 184.

We have no doubt but that both parties to this controversy acted in entire good faith, wherein the defendants refused to purchase upon the advice of counsel that the title was not good and merchantable, due to the federal income tax lien, and the defendant in refusing to pay the tax and therein clearing the doubt. With the apparent ability of the government income tax experts to create a taxable profit out of a situation that to the ordinary citizen is clearly a loss, we can readily understand from personal experience that plaintiff was justified in attempting to secure relief by way of compromise or appeal from the order assessing this tax, and that delay in procuring the release of the lien until after the appeal to this court was not laches| It is, of course, well understood that upon appeal the cause is tried de novo in this court.

For the reasons herein stated, a decree of specific performance in accordance with the prayer of the second amended petition of plaintiff is entered.

CARTER and ROBERTS, JJ, concur.